Hearing in Bank denied.

---

[No. 11968.    Department Two.— March 2, 1889.]

## BANK OF SANTA CRUZ COUNTY, APPELLANT, *v.* S. A. BARTLETT ET AL., RESPONDENTS.

COUNTY — BREAKING OF BRIDGE — ILLEGAL COUNTY WARRANT. — A county is not liable in damages for injury resulting to any person from the breaking of a bridge on a county road, and the allowance of a claim therefor, and an auditor's warrant issued thereon, are illegal and invalid.

ID. — COUNTY GOVERNMENT ACT — LIABILITY OF OFFICERS — DAMAGES FOR ALLEGED ILLEGAL CLAIM.— Under section 7 of the county government act, making the supervisors and any other officer authorizing, or aiding to authorize, or auditing or allowing, any claim in violation of the act, liable in person to the person damaged by such illegal authorization, to the extent of his loss by reason of the non-payment of the claim, does not make such officers personally liable to one who never had a legal claim against the county, nor to his assignee.

NEGOTIABLE PAPER — COUNTY WARRANTS — ASSIGNMENT.— A county warrant has not the qualities of negotiable paper, and an assignee of such warrant stands in the shoes of the original holder.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*Spalsbury & Burke,* for Appellant, cited sections 5, 7, and 43 of the County Government Act, Acts of 1883, pp. 313, 370; *Huffman* v. *San Joaquin County,* 21 Cal. 427; *Crowell* v. *Sonoma County,* 25 Cal. 315; *Winbigler* v. *Mayor etc.,* 45 Cal. 36; *Tranter* v. *City of Sacramento,* 61 Cal. 271; *Barnett* v. *County of Contra Costa,* 67 Cal. 77; Code Civ. Proc., sec. 1963, subd. 15; *Bank of Cal.* v. *Shaber,* 55 Cal. 322; *Bloom* v. *San Francisco,* 64 Cal. 503; Civ. Code, secs. 3381 et seq.

*Joseph H. Skirm,* and *Underwood McCann,* for Respondents.

County warrants are not negotiable instruments so as to protect the purchaser thereof, even without notice of the illegality of their issuance. (*People* v. *Supervisors of El Dorado County,* 11 Cal. 170; *Dana* v. *San Francisco,* 19 Cal. 486; *Keller* v. *Hicks,* 22 Cal. 457; 83 Am. Dec. 78; *People* v. *Gray,* 23 Cal. 126.) The purchaser is chargeable with notice of the invalidity of a warrant illegal on its face. (*Christy* v. *Sullivan,* 50 Cal. 339; 19 Am. Rep. 655.) Swinford sustained no loss by non-payment of a claim which never had existence; and his assignee has no greater rights than he had.

McFARLAND, J.—The court below sustained a demurrer to the complaint; and plaintiff refusing to amend, final judgment went for defendants. Plaintiff appeals from the judgment.

One of the defendants (as appears from the complaint) was auditor of Santa Cruz County, and the other defendants were supervisors. One Swinford having been injured by the breaking of a bridge on a county road, presented a demand to the defendants (supervisors), which was by them allowed in the amount of four hundred dollars; and the other defendant (auditor) drew a

warrant for that amount upon the county treasury, payable to said Swinford or bearer. Swinford sold and assigned the warrant to the plaintiff. The plaintiff presented the warrant to the county treasurer, who refused to pay it. This action was then brought against the defendants individually, plaintiff basing its asserted right of action upon section 7 of the county government act of 1883. That section is as follows: "Sec. 7. All supervisors, and any other officer, authorizing, or aiding to authorize, or auditing, or allowing any claim or demand upon or against said treasury, or any fund thereof, in violation of any of the provisions of this act, shall be liable in person, and upon their several bonds, to the person or persons *damaged* by such illegal authorization, to the extent of his loss by reason of the non-payment of his or their claim."

It is admitted that Swinford never had any legal claim against the county for damages, and that the warrant was unauthorized and invalid. He was not induced by any act of the defendants to give or lose any valuable thing whatever. How can he be said, therefore, to have been "damaged," or to have sustained any "loss by reason of the non-payment of his claim"? He lost nothing, for he did not have anything to lose. As to plaintiff, it has been held repeatedly that a county warrant has not the qualities of negotiable paper, and that the assignee stands in the shoes of the original holder. Plaintiff was bound to know that the warrant was invalid; and the mere transfer could not make it valuable as to any person against whom it was worthless in the hands of Swinford.

It is not necessary to notice the other points made by the respondents.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.